23-110-pr
*Rivera v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

HECTOR RIVERA,

> *Petitioner-Appellant*,

v.                                                                          23-110-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | Georgia J. Hinde, New York, NY |
| For Respondent-Appellee: | Joe Zabel and Jacob R. Fiddelman, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Hector Rivera appeals from an order of the United States District Court for the Southern District of New York entered on November 21, 2022, denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In the 2000s, Rivera provided protection for a jeweler in Manhattan's Diamond District. In May 2004, Rivera arranged for a hitman to murder a rival jeweler, Eduard Nektalov. After a six-day trial in November 2017, a jury found Rivera guilty on three counts in connection with Nektalov's murder: conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958 (Count One); substantive murder for hire, in violation of 18 U.S.C. §§ 1958 and 2 (Count Two); and carrying a firearm in relation to those crimes, in violation of 18 U.S.C. § 924(j) (Count Three). Rivera was sentenced to concurrent life terms of imprisonment on Counts One and Two, followed by a mandatory consecutive 25-year term of imprisonment on Count Three. This Court later affirmed Rivera's convictions on appeal. *See United States v. Rivera*, 791 F. App'x 200 (2d Cir. 2019).

On October 5, 2021, Rivera moved for relief from his convictions under 28 U.S.C. § 2255 on the ground that his trial counsel provided constitutionally deficient representation. Rivera principally faulted counsel for failing to inquire into a New York City Police Department ("NYPD") memorandum indicating that the police had been told that, according to Nektalov's relatives, Nektalov told them that he had received death threats over the phone from someone named "Sasha or Sam" hours before his murder. The memorandum reflected that the NYPD had, at the time, spoken with Nektalov's brother about this threat, and learned that it had been made to

2

coerce Nektalov into pressuring his cousin, who had recently been the victim of a shooting, not to cooperate in the prosecution of the alleged shooter. The district court rejected Rivera's ineffective assistance claim on this basis, finding that his counsel's failure to explore this threat at trial was a deliberate choice made pursuant to a reasonable strategy. The court also denied Rivera's motion for relief under § 2255 more generally, and declined to issue a certificate of appealability. By order dated March 1, 2024, this Court granted a certificate of appealability and authorized Rivera to file an appeal raising the following two issues: "(1) whether defense counsel was ineffective for failing to investigate or call exculpatory witnesses to introduce evidence as to an alternative suspect . . . ; and (2) whether this Court can consider how *Lora v. United States*, 599 U.S. 453 (2023), affects Appellant's § 924(j) sentence," and if it benefits him, "whether Appellant should be resentenced." Dkt. No. 25. Rivera subsequently filed the present appeal, through new counsel, raising both issues listed in the certificate of appealability. We assume the parties' familiarity with the case.

## I. Ineffective Assistance of Counsel

Rivera argues that his two trial attorneys provided constitutionally deficient representation because they failed to interview available witnesses about the threatening call that Nektalov reportedly received shortly before his death. A party advancing an ineffective-assistance claim must establish that (1) "in light of all the circumstances, the acts or omissions of trial counsel were outside the wide range of professionally competent assistance," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Melhuish*, 6 F.4th 380, 393 (2d Cir. 2021).[1] This is a "heavy

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

burden" to meet. *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Reviewing Rivera's ineffective assistance claim *de novo*, *Purcell v. United States*, 158 F.4th 441, 448 (2d Cir. 2025), we agree with the district court that his trial counsel did not provide deficient representation.

First, Rivera has failed to show that his counsel's performance was objectively deficient. At the close of the Government's case, the defense disclosed its intent to "forego" presenting evidence on the threat against Nektalov for "strategic reasons." App'x at 65. When prompted by the court to explain these reasons, counsel explained *in camera*, and in the absence of the Government, that they wanted the jury to "focus on the government's case," which relied heavily on the testimony of cooperating witnesses who were subject to rigorous cross-examination and impeachment for bias. *Id.* at 69. Counsel concluded that this potentially fruitful trial strategy—of focusing on weaknesses in the government case—could be substantially undermined if the defense also put forward an affirmative theory that there was an alternative suspect. This second approach might run the risk that the jury would shift their focus to comparing the relative strengths of "the government's case and the defense case," even if the district court instructed them not to do so. *Id.* The district court then stated on the record that "in the event [of] any 2255 claim . . . I can see good and sound strategic reasons for defense counsel not to pursue this avenue." *Id.* at 73. We agree with this assessment. Rivera's counsel's decision not to interview witnesses about the threat against Nektalov was reasonable in light of their sound trial strategy. *See Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) ("[W]hen there is reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to purse those investigations may not later be challenged as unreasonable."). Presenting an affirmative case risked distracting the jury from the substantial credibility issues with the Government's key witnesses and strengthening the Government's case by comparison. Thus, we conclude, with the benefit of the

district court's colloquy with defense counsel, that the performance of Rivera's trial counsel was not objectively deficient.

Second, even if his counsel's performance had been deficient, Rivera has failed to carry his additional burden of proving prejudice—that is, he has not established a reasonable probability that the jury would have reached a different verdict had his counsel further investigated the threat to Nektalov. Given the speculative and vague nature of the existing evidence of the threat against Nektalov as of Rivera's trial—a 13-year-old NYPD memorandum based on secondhand hearsay accounts provided to police—there is (and was) little basis to believe that such interviews would have turned up admissible evidence of the threat to Nektalov. It would be even more speculative to conclude that further investigation would have uncovered evidence of a different suspect— whether of a different person who paid the hitman, or perhaps a different shooter altogether. Rivera certainly has not established a reasonable probability that further investigation of the threat would have yielded evidence that would have substantially undermined the case that the Government presented to the jury. At trial, one cooperator testified that Rivera hired him to arrange the hit on Nektalov; another cooperator, the rival diamond dealer whom Rivera protected, testified that Rivera admitted to organizing the hit on Nektalov and demanded $150,000 afterward. Evidence of the threat against Nektalov would not have borne on the credibility of these cooperators, and thus would have done little to undermine their highly inculpatory testimony. Rivera has thus failed to satisfy his heavy burden to establish that his trial counsel were constitutionally ineffective.

## II.     Sentencing Challenge

Next, Rivera challenges the consecutive nature of the 25-year sentence he received under Count Three for carrying a firearm during the charged offenses, in violation of 18 U.S.C. § 924(j). At the time of Rivera's sentencing in 2018, this Court's case law provided that a sentence under

5

§ 924(j) must run consecutively to any other sentence. *See, e.g., United States v. Barrett*, 937 F.3d 126, 129 n.2 (2d Cir. 2019). Rivera points out that our holding was later abrogated by the Supreme Court in *Lora v. United States,* 599 U.S. 453 (2023), which held that a district court has discretion to run a sentence under § 924(j) either consecutively or concurrently. He asks that we remand the case for reconsideration of his present sentence in light of *Lora*, and that any remand allow him to also argue for a sentence reduction on various grounds pursuant to 18 U.S.C. § 3582(c).

We decline Rivera's challenge to the consecutive nature of his 25-year sentence on Count Three, because any error was harmless. This Court has repeatedly stated that an erroneous sentence on one count of a multi-count conviction does not affect a defendant's substantial rights if it does not impact his total term of imprisonment. *See Kassir v. United States*, 3 F.4th 556, 562 (2d Cir. 2021); *United States v. Outen*, 286 F.3d 622, 640 (2d Cir. 2002); *see also* Fed. R. Crim. P. 52(a). Although we have sometimes referred to this rule (and its variants) as the "concurrent sentences doctrine," we have similarly applied it to decline review of convictions where the sentences on those convictions run consecutively to one or more unchallenged life sentences. *See Al-'Owhali v. United States*, 36 F.4th 461, 466–67 (2d Cir. 2022). That is precisely the situation here: Rivera challenges a 25-year sentence that was to run consecutively to unchallenged life sentences on Counts One and Two. Even if he were to convince the district court to run his 25-year sentence concurrently, that would not change the fact that he must serve the rest of his life in prison.[2] Because disturbing the consecutive nature of his sentence on Count Three could not reduce the aggregate term of Rivera's imprisonment, any error in this regard is necessarily harmless.

---

[2] Rivera also has not yet begun his life sentences because he is still serving a 384-month term of imprisonment from a previous case.

We acknowledge that Rivera also seeks a remand so that the district court may entertain arguments for a sentence reduction pursuant to 18 U.S.C. § 3582(c).  These arguments were not raised before the district court, and we therefore have no occasion to express any views about them here.  If Rivera chooses to move for a sentence reduction, the district court can evaluate such a request in due course.

*     *     *

We have considered Rivera's remaining arguments and find them unpersuasive.  For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk